**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-30172 |
| Plaintiff - Appellee, | D.C. No. 1:07-cr-00171-RFC |
| v. | |
| DOYLE JUSTIN LYONS, | MEMORANDUM [*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Richard F. Cebull, Chief District Judge, Presiding

Submitted January 11, 2010 [**]

Before:     BEEZER, TROTT, and BYBEE, Circuit Judges.

Doyle Justin Lyons appeals from the 360-month sentence imposed following

his jury-trial conviction for aggravated sexual abuse of a minor, in violation of 18

U.S.C. §§ 1153(a) and 2241(c).  We have jurisdiction pursuant to 28 U.S.C.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

AK/Research

§ 1291, and we affirm.

Lyons contends that the mandatory minimum sentence required by 18 U.S.C. § 2241(c) unconstitutionally violates his right to equal protection. This contention fails because § 2241(c) does not discriminate against Native Americans, either on its face or as applied. *See City of Cleburne, Tex. v. Cleburne Living Center*, 473 U.S. 432, 440 (1985); *see also Washington v. Davis*, 426 U.S. 229, 241 (1976). Any disproportionate impact § 2241 has on Native Americans simply reflects the different treatment of criminals under the Major Crimes Act who commit crimes in a federal enclave. *See United States v. Lemay*, 260 F.3d 1018, 1030-31 (9th Cir. 2001); *see also United States v. Antelope*, 430 U.S. 641, 645, 648-49 (1977) (holding that federal legislation, although relating to Indian tribes, is not based upon impermissible racial classifications; and that it is of no consequence that the federal scheme differs from a state criminal code.)

Lyons also contends that his sentence violates the Eighth Amendment prohibition against cruel and unusual punishment. Lyons' sentence is not so disproportionate as to be unconstitutional, and the sentence does not become "cruel and unusual" simply because it is mandatory. *See Harmelin v. Michigan*, 501 U.S. 957, 994-95 (1991); *see also Hutto v. Davis*, 454 U.S. 370, 374 (1982) (per curiam) (concluding that federal courts should be reluctant to review legislatively

mandated terms of imprisonment.)

**AFFIRMED.**